FILED'08 AUG 29 14:48USDC-ORP

RECVD '08 AUG 29 13:58USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CV'08 - 1 0 2 3      PK

**EUREKA SPECIALTIES, INC.,** a
California corporation,

CV No. _____

Plaintiff,

TEMPORARY RESTRAINING ORDER

v.

**TONY MALATESTA FARMS, LLC,** an
Oregon limited liability company, **TONY
MALATESTA,** an individual, and **DIANE
MALATESTA** individually,

Defendants.

Plaintiff's application for the issuance of a Temporary Restraining Order under

Federal Rules of Civil Procedure 65(b) (the "Application") came before this Court and the

undersigned on the date set forth below.  The Court considered the Application, the Affidavit of

Brianne Del Bene, and all related moving papers.  Plaintiff's Affidavit demonstrates defendants,

Tony Malatesta Farms, LLC (the "Company"), Tony Malatesta and Diana Malatesta, each

individually, (collectively the "Principals") (the Principals and the Company are collectively

referred to herein as the "Defendants"), purchased perishable agricultural commodities

("Produce") in interstate commerce and, thereafter, failed to pay Plaintiff in violation of the

Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2004 &

Supp. 2006) (the "PACA").

Page 1 -    Temporary Restraining Order

These same pleadings and supporting documents establish that the Defendants have either dissipated the PACA trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order.  On the basis of the pleadings, the Affidavit, and other submissions Plaintiff filed in this matter, it appears to this Court that Plaintiff will suffer immediate and irreparable injury due to Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief.  The Court is of the opinion that a Temporary Restraining Order should be issued without notice thereof due to the threat of further dissipation that such notice might allow.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Defendants, Tony Malatesta Farms, LLC, Tony Malatesta and Diana Malatesta, each individually, and their respective agents, attorneys, officers, assigns, all other persons in active concert or participation with them, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons or entities until further Order for this Court or until Defendants deposit into the Registry of this Court  the current aggregate sum of $79,934.94.

2. Pending further orders of this Court, or until such time as Defendants deposit into the Registry of this Court the current aggregate sum of $79,934.94, no banking institution holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants.  Further, pending further order of this Court, or until such time as Defendants deposit into the Registry of this Court the sum of $79,934.94, no banking institution holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of any Defendants without this Court's express written approval.

Page 2 -    Temporary Restraining Order

3.      If Defendants fail to deposit into the Registry of this Court the sum of $79,934.94 in full within three (3) business days of the entry of this Order, Defendants must account to the Court and Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory, and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4.      In furtherance of such an accounting, the Court hereby directs any banking institution holding funds for any of Defendants to turn over to Plaintiff's undersigned counsel any statements, signature cards, and other documents relating to or regarding any of the Defendants' accounts at such banking institution(s) within five (5) days of receipt of this Order.

5.      Defendants, their agents, employees, successors, banking institutions, attorneys, and all persons in active concert and participation with Defendants shall immediately turn over to the Registry of the Court all assets impressed with the PACA trust.

6.      This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise.  In this regard, within three (3) business days of the entry of this Order, Defendants shall serve a copy of this Order on all financial institutions with which any of Defendants does any business, may do any business with or who may be holding any PACA trust assets for or on behalf of any of the Defendants.

7.      Because Defendants already possess $79,934.94 of PACA trust assets which are Plaintiff's property, the bond in this matter is hereby set at $0.00.

8.      A preliminary injunction hearing is hereby set for September 3rd, 2008 at 2:30 P.M. in Courtroom 9H of the United States District Court for the District of Oregon, in Portland, Oregon.

Page 3 -    Temporary Restraining Order

9.      Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on all Defendants, including their respective counsel, if known.

DATED this __29__ day of ___Aug.___, 2008.

_____
United States District Court Judge

Submitted by:

MILLER NASH LLP
Thomas C. Sand, OSB No. 773322
E-mail:  tom.sand@millernash.com
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204-3699
Telephone:  (503) 224-5858
Fax:  (503) 224-0155

        Attorneys for Plaintiff

PDXDOCS:1752704.1